## SCHACHT v. YOUNG.
### No. 11864.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1947.

Woodville J. Rogers, of San Antonio, Tex., and John A. Erhard, of Dallas, Tex., for appellant.

William P. Fonville, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The appellant, a German alien, was admitted into the United States on August 4, 1939, as a treaty trader for the sole purpose of carrying on trade in cotton between the United States and Germany and who was to remain here as long as he was so engaged. Shortly over two months after his entry he accepted employment as a cashier with Eugene B. Smith & Company, an American concern that formerly exported much cotton to Germany, as well as to other countries, but which during the period of appellant's employment exported no cotton to Germany, due to the outbreak of the war in Europe.

The Immigration and Naturalization Service, after conducting a hearing, found that appellant had failed to maintain

the status on which he was admitted to this country and ordered his deportation. We agree that the mere hiring of himself to a local merchant that also carries on no trade with the alien's country, did not fulfill the condition of such alien's entry into this country and that such failure to maintain his status as a treaty merchant authorized his deportation without regard to his attitude toward this, or toward his own country.

This is a proceeding in habeas corpus which seeks to overturn the finding and order of an agency to which the responsibility of determining such questions was committed by Congress, whose hearing appears to have been full and fair, in which the evidence undisputedly supports those findings. We think that the order should stand. See Kessler v. Strecker, 307 U.S. 22, 59 S.Ct. 694, 83 L.Ed. 1082; Clause (6) of Sec. 203, Title 8 U.S.C.A.; Sec. 215, Title 8 U.S.C.A., and Regulations 3.28 and 3.29 promulgated thereunder.

There appears to be no exception in the statute or regulations—and we can engraft none—in favor of an enemy alien, or an alien whose country is at war with the United States. Appellant had no vested right under any law or treaty to remain here; on the contrary, such right as he had was conditional, and this condition was not kept.

The judgment of the Court below is affirmed.